## STAND et al. v. STATE.

No. 20658.    Opinion Filed Nov. 24, 1931.

F. C. Helm, for plaintiffs in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for defendant in error.

RILEY, J.   This is an appeal from an order of the county court of Okmulgee county denying the petition of plaintiffs in error to set aside a forfeiture of an appearance bond given under the provisions of section 8065, C. O. S. 1921, in a bastardy proceeding then pending against Thomas Stand, one of the plaintiffs in error herein.

The record discloses that the complaint was filed in the county court November 21, 1925. The appearance bond in the sum of $1,000 was filed and approved February 6, 1926. The order of forfeiture was entered March 26, 1929. The record discloses that the cause was set for trial a number of times between the two dates and was continued sometimes on the application of the defendant and at other times by agreement.

On March 5, 1929, the case was set by special order for hearing March 16, 1929. At that time defendant did not appear and no one appeared for him. The bond was ordered forfeited, and the county attorney was directed to file suit on the appearance bond.

On April 19, 1929, the petition to set aside the order of forfeiture was filed upon the ground that neither the defendant, Thomas Stand, nor either of his sureties had been notified that the case was set down for trial, as shown by certain affidavits attached thereto. The affidavit of Thomas Stand stated that no notice was given him of the setting of the trial. He stated therein, as well as in his testimony at the hearing, that he had employed an attorney, Don Cameron, to defend him; that he had paid him a retainer fee, and that he relied upon his attorney to notify him of the setting of the trial. It was also shown that another attorney named Eaton had been employed to assist in the defense and that he also had been paid a retainer fee. At the hearing Herbert E. Smith testified that he had been employed as a special prosecutor to assist in the prosecution of the bastardy charge; that he had talked with both Eaton and Cameron and that they had agreed that the case be set down for a time certain; that thereupon he told the county judge of the conversation and the county judge made an order setting the case for trial March 16, 1929; that he prepared the order, and the county judge signed it; that he then advised Eaton and suggested that he notify his client; that he also mailed a copy of the order to Don Cameron at Wewoka, and also enclosed a copy of the order in an envelope directed to Thomas Stand at Hoffman, Okla., with postage prepaid, and mailed it; that the envelope had a return address printed thereon, and that in addition thereto he wrote the words: "If not delivered within three days return to," and signed his name; that the letter did not return to him. Stand testified that Hoffman was his post office address,

and that he recalled having received a letter from Smith, but not at that time. Smith also testified that on the day the bond was forfeited he, in the presence of the county judge, telephoned both Eaton and Cameron, but neither of them would come to the hearing.

His testimony was not disputed. The county attorney offered to agree to a continuance of the hearing if the petitioner would call Eaton as a witness. They declined, their attorney replying, "I do not care to drag Mr. Eaton into this case."

With this showing it is clear that the trial court did not abuse its discretion, and that there was no error in refusing to set the forfeiture aside.

Considerable stress is laid upon the fact that not only was the bond forfeited, but that a hearing was held and judgment was rendered requiring the defendant therein to pay the sum of $800, in monthly installments of $25, for the support of the child. It is suggested that should he be required to pay that sum and also the amount of the bond, it would work an injustice, and require him to pay an amount in excess of the jurisdiction of the county court.

Section 8065, 1921, does provide:

"In any case where the said bond is forfeited and recovery is had thereon, the proceeds thereof shall be paid into the county court to be held by said court in trust for said child and to be paid out under order of said court."

No showing is made that any part of the $800 has been paid, and the amount that may be recovered on the appearance bond, if any, is not now before this court.

The judgment and order of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.